UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

ANDREW D. HOLLIS, on his own
behalf and others similarly situated,

        Plaintiff,

v.

CAREERSOURCE PALM BEACH COUNTY, INC.,
Florida not-for-profit corporation,
PALM BEACH WORKFORCE CONSORTIUM,
Florida Independent Special District,
and TIMOTHY MOSS, an individual,

        Defendants.
_____/

## COMPLAINT

1. Plaintiff, ANDREW D. HOLLIS, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, CAREERSOURCE PALM BEACH COUNTY, INC., Florida not-for-profit corporation, PALM BEACH WORKFORCE CONSORTIUM, Florida Independent Special District, and TIMOTHY MOSS, an individual, (collectively referred to as "Defendants") and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiff worked from December 4, 2018 until August 2020 for Defendants.

3. Plaintiff's last date of employment was August 4, 2020.

4. Plaintiff performed non-exempt work as a laborer and related activities in Palm Beach County, Florida.

5. Plaintiff held the position of Facilities Technician during his employment with Defendants.

6. Specifically, Plaintiff's duties included, but were not limited to maintenance, troubleshooting and repair of facility equipment and buildings; installing toilets, sinks, doors, and plexiglass throughout the facility; removal of furniture; painting and drywall repair; cleaning

      restrooms, maintaining outside walk areas; and performing necessary maintenance work upon request from Defendants.

7. All work performed by Plaintiff during Plaintiff's working hours was for the benefit of Defendants.

8. At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

9. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

10. Plaintiff was regularly scheduled to work Monday through Friday.

11. In addition to Plaintiff's regularly scheduled work week, Plaintiff was routinely asked by Defendants to work Saturday and/or Sundays during certain weeks of his employment and Plaintiff agreed.

12. In addition to Plaintiff's regularly scheduled work week, Plaintiff was routinely asked by Defendants to work some holidays during his employment and Plaintiff agreed.

13. Defendants' Employee Handbook states that employees such as Plaintiff may be asked or required to work overtime.

14. Plaintiff did not receive overtime and/or double pay in accordance with Defendants' employment policy when Plaintiff worked holidays.

15. During certain weeks of Plaintiff's employment, Plaintiff regularly worked six (6) to seven (7) days per week due to working on weekends and/or holidays.

16. Plaintiff's work week begins on Saturday and end on Friday.

17. Plaintiff was required to work from 8:00 am until 5:00 pm.

18. Plaintiff regularly worked between forty (40) to fifty (50) hours weekly.

19. Plaintiff was hired at the hourly rate of $17.00.

20. Plaintiff's hourly rate was $17.51 at the end of his employment with Defendants.

21. Defendants paid Plaintiff straight time wages for overtime hours worked.

22. Plaintiff's hourly overtime rate should have been between $25.50 and $26.26.

23. Plaintiff is owed the halftime rate of his hourly rate of pay for each overtime hour worked.

24. There was little correlation between the hours worked by Plaintiff and the compensation paid to Plaintiff by Defendants.

25. Defendants failed to compensate Plaintiff for all overtime hours worked.

26. Defendants failed to properly credit Plaintiff for all hours worked.

27. In addition to being paid straight time wages for overtime hours worked, Defendants failed to compensate Plaintiff for some hours worked at the regular rate of pay.

28. Plaintiff routinely complained to Defendants, specifically to TIMOTHY MOSS about his pay deficiency.

29. Plaintiff is owed unpaid overtime wages for hours worked on or after December 2018 until the end of his employment in 2020.

30. CAREERSOURCE services include the design, coordination, and implementation of the local workforce development system for Palm Beach County.

31. CAREERSOURCE is a not-for-profit Florida corporation which primarily engages in assisting area businesses recruit staff and help job seekers find employment.

32. CAREERSOURCE provides training, funding, career assessments and/or employment assistance to job seekers and businesses.

33. CAREERSOURCE receives local, state and federal funding.

34. CAREERSOURCE receives Federal funding through the State Department of Economic Opportunity.

35. CAREERSOURCE also receives funds from various businesses and individuals.

36. The supplies and equipment used by CAREERSOURCE have traveled in interstate commerce.

37. CAREERSOURCE is present on the internet and markets itself to potential businesses and job seekers outside the state of Florida.

38. CAREERSOURCE is present on the internet for direct communication with businesses and job seekers inside and outside the state of Florida.

39. CAREERSOURCE provides its services to corporations and businesses with principal offices outside the state of Florida.

40. CAREERSOURCE is open to the public.

41. PALM BEACH WORKFORCE CONSORTIUM is a Florida Independent Special District, governmental agency and tax-exempt.

42. PALM BEACH WORKFORCE CONSORTIUM serve as the administrative entity for services offered to the public through CAREERSOURCE.

43. PALM BEACH WORKFORCE CONSORTIUM was and/or is the administrative entity that manages, directs, and/or operates CAREERSOURCE.

44. The employees of PALM BEACH WORKFORCE CONSORTIUM regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees who perform services for CAREERSOURCE.

45. PALM BEACH WORKFORCE CONSORTIUM controls the finances and operations of CAREERSOURCE.

46. By virtue of such control and authority identified in paragraphs forty-two (42) through forty-five (45) herein, PALM BEACH WORKFORCE CONSORTIUM is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

47. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM were and are an enterprise engaged in interstate commerce or in the production of goods for commerce.

48. The services provided by CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM require Defendants to procure services, supplies, and equipment outside the state of Florida.

49. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

50. Plaintiff was individually engaged in commerce due to the nature of his work.

51. This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

52. At all times material to this Complaint, Defendants, CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM, shared the services of employees and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations. Accordingly, the relationship by and between CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM were that of employers and/or joint-employers of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

53. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants, CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM, were individually and/or collectively an enterprise engaged in interstate commerce or in the production of goods for commerce.   Based upon

    information and belief, the annual gross sales volume of CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM, individually and collectively, was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in commerce.

54. CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM were jointly Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

55. CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM jointly employed Plaintiff and similarly situated current and former employees under the FLSA and the statutes at issue in the case.

56. At all material times, CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

57. At all material times, Defendants performed related activities through unified operation and common control for a common business purpose.

58. Defendants are engaged in related activities, i.e., providing and facilitating job placement, recruitment assistance and funds for skills training.

59. CAREERSOURCE and PALM BEACH WORKFORCE CONSORTIUM constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is business entity directed to the accomplishment of a common business purpose.

60. Defendants represent themselves to the general public as a unified operation.

61. At all times material hereto, individual Defendant, TIMOTHY MOSS, was and/or is an individual resident of the State of Florida who owns, supervises, manages, directs, and/or operates CAREERSOURCE and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees,

   manage daily or weekly activities of employees, and control the finances and operations of CAREERSOURCE. By virtue of such control and authority, TIMOTHY MOSS is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

62. At all times material hereto, individual Defendant, TIMOTHY MOSS, was and/or is an individual resident of the State of Florida who owns, supervises, manages, directs, and/or operates PALM BEACH WORKFORCE CONSORTIUM and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of PALM BEACH WORKFORCE CONSORTIUM. By virtue of such control and authority, TIMOTHY MOSS is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

63. TIMOTHY MOSS hired Plaintiff.

64. Plaintiff reported to TIMOTHY MOSS throughout his employment.

65. TIMOTHY MOSS managed the daily operations of Defendants' Facilities Department.

66. TIMOTHY MOSS had the authority to hire and fire Plaintiff as well as manage his daily work schedule.

67. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after December 2018, but were not properly paid for all hours worked in excess of forty (40) hours during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

68. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for

Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

69. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

70. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

71. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

72. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 71 above.

73. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

74. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

75. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

76. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

77. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ANDREW D. HOLLIS, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, CAREERSOURCE PALM BEACH COUNTY, INC., PALM BEACH WORKFORCE CONSORTIUM, and TIMOTHY MOSS, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 6 day of September 2021.

> s/Maguene D. Cadet
> Maguene D. Cadet, Esquire
> FBN. 0591361
> Attorney for Plaintiff, Andrew D. Hollis